UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


WILLIAM L. TAYLOR,

      Plaintiff,

vs.

AYESHA TAMID CORP,
BAMBOO GARDEN, INC. and
YEUNG AND YAN INVESTMENT, CORP.

      Defendants.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiff, WILLIAM L. TAYLOR ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants AYESHA TAMID CORP, BAMBOO GARDEN, INC. and YEUNG AND YAN INVESTMENT, CORP. (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181,

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

*et seq.,* based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

## PARTIES

2.      Plaintiff, WILLIAM L. TAYLOR is a resident of the State of Florida and this judicial district, is *sui juris,* is disabled as defined by the ADA, is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching.  Plaintiff uses a wheelchair for mobility purposes.  Plaintiff's access to the businesses at 1222 Northeast 163rd Street, North Miami Beach, FL 33162, Miami-Dade County Property Appraiser's Folio number 07-2217-017-0010 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

3.      In October of 2015, Plaintiff was a customer at Kwik Pick and Bamboo Garden and also attempted to utilize the restroom facilities at both locations.  Plaintiff lives 7.3 miles from the Facility and Property.

4.      Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase goods.  Plaintiff has visited the Facility and

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, as soon as the Facility and Property are accessible again.

5.    In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

6.    Defendant, AYESHA TAMID CORP is a Florida Corporation, and transacts business in the State of Florida and within this judicial district.  It operates the business at 1224-1226 Northeast 163rd Street, North Miami Beach, FL 33162, doing business as "Kwik Plus," referred to in the Complaint as the "Facility". AYESHA TAMID CORP, is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

7.    Defendant, BAMBOO GARDEN, INC. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district.  It operates the business at 1232 Northeast 163rd Street, North Miami Beach, FL 33162, doing business as "Bamboo Garden," referred to in the Complaint as the "Facility". BAMBOO GARDEN, INC. is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

8.    Defendant, YEUNG AND YAN INVESTMENT, CORP. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. YEUNG AND YAN INVESTMENT, CORP. is the owner and/or operator of the real property and improvements which the Facility is situated in and is the subject of this action. (referred in this Complaint as the "Property")

## FACTUAL ALLEGATIONS AND CLAIM

9.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

10.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

> (v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

11.     Congress explicitly stated that the purpose of the ADA was to:

> (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

> (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

> (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13.     The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.  Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

15.     The Facility must be, but is not, in compliance with the ADA and ADAAG.  The Property must be, but is not, in compliance with the ADA and ADAAG.

16.      Plaintiff has attempted to and has, to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17.     Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 ● Boca Raton, Florida 33433 ● Tel (561) 807-7388 ● Fax (561) 807-7198

that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18.    Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

19.    Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

**ACCESSIBLE ELEMENTS**

a. There are no accessible parking spaces in the front or the rear parking lots complying with section 502.1 of the 2010 ADAAG regulations in violation of section 208.2 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to locate an accessible parking space.

b. The Property lacks an accessible route from the rear parking lot to the accessible entrances of the Property and/or Facility in the front in violation of section 206.2.1 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to access the units of the Property.

c. There is a sign on the exterior of the property stating there is accessible parking in rear, but no accessible parking spaces are in the rear parking lot.

d. There are publically accessible areas of the Property having accessible routes with clear widths below the minimum 36 inch requirement as required by section 403.5.1 of the 2010 ADAAG regulations. Specifically, there is signage that blocks the accessible route. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

e. The Property has a ramp on the northern front side of the Property with a slope exceeding 1:10 in violation of section 405.2 of the 2010

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

f.  There is an excessive vertical rise along the ramp on the northern front side of the Property in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

g.  One or more ramps servicing the Property and/or Facility lack edge protection and/or are otherwise in violation of section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

h.  The interior of **Kwik Pick** has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of section 904.4 of the 2010 ADAAG regulations, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at **Kwik Pick**.

i.  Due to the location of an ice chest in front of the counter, the interior of **Kwik Pick** has fixtures and publically accessible features which lack appropriate clear floor space in violation of section 305.3 of the 2010 ADAAG regulations.

j.  The interior of **Bamboo Garden** has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of section 904.4 of the 2010

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 ● Boca Raton, Florida 33433 ● Tel (561) 807-7388 ● Fax (561) 807-7198

ADAAG regulations, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at **Bamboo Garden**.

k. The accessible entrance of **Bamboo Garden** has a doorway threshold with an unbeveled vertical rise in excess of ½" in violation of section 404.2.5 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to access the Facility.

l. The maneuvering clearance in front of the accessible entrance of **Bamboo Garden** has excessive slope in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access **Bamboo Garden**.

m. The accessible entrance of **Bamboo Garden** has a doorway with inadequate maneuvering clearances, due to the vertical drop off of the sidewalk, in violation of section 404.2.4.1 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to access **Bamboo Garden**.

n. The Property lacks an accessible route from the sidewalk to the accessible entrance of the Property and/or Facility in violation of section 206.2.1 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to access the units of the Property.

**KWIK PICK RESTROOMS**

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

a. The Facility lacks restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to locate accessible restroom facilities.

b. The door to the restrooms has a minimum clear width below 32 inches in violation of section 404.2.3 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

c. The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize the restroom facilities.

d. There is inadequate clear turning space in violation of section 603.2.1 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

e. The hand operated flush control is not located on the open side of the accessible stall in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

f. The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG regulations. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

g. The toilet paper dispenser in the accessible lavatory is not positioned properly or is missing and violates section 604.7 of the 2010 ADAAG

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

**BAMBOO GARDEN RESTROOMS**

a. The Facility lacks restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to locate accessible restroom facilities.

b. The hand operated flush control is not located on the open side of the accessible stall in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

c. The door of the restroom entrance of the Facility lacks a proper minimum maneuvering clearance in violation of section 404.2.4 of the 2010 ADAAG standards as there is only three inches between the door hardware and the wall.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

d. The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

e. The grab bars/handrails are too low and are not positioned in accordance with 609.4 and 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

20.     On or about July 22, 2013, BAMBOO GARDEN, INC. was involved in a previous ADA action not involving Plaintiff (13-21583-UU) and executed a settlement agreement asserting that various barriers to access within the restaurant were resolved.  However, as alleged in the numerous violations set forth in paragraph 19 above, Defendant, BAMBOO GARDEN, INC. did not remediate the ADA violations asserted in the prior settlement agreement.

21.      All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

22.     The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

23.     Upon information and belief, the Facility and Property has been altered since 2010.

24.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 19 can be applied to the 1991 ADAAG standards.

25.     Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

26.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.     42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

27.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

28.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

29.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 13th day of January, 2016.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiff
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198